UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MYLEKA THOMPSON,                              :

                     Plaintiff,                :          05 Civ. 3082 (PAC)(JCF)

    -against-                                :          <u>OPINION AND ORDER</u>

THE CITY OF NEW YORK, <u>et</u> <u>al</u>.,            :

                Defendants.              :

-----------------------------------------------------------------X


PAUL A. CROTTY, United States District Judge:


On January 30, 2006, pursuant to the Court's Order of September 14, 2005, the

Corporation Counsel submitted for <u>in camera</u> review approximately 2200 pages of materials

reflecting the complaints and allegations of misconduct before the Civilian Complaint Review

Board ("CCRB") and Internal Affairs Division ("IAB") involving defendants Kevin Radday

("Radday") and Michael Arenella ("Arenella"), as well as entries from their New York Police

Department ("NYPD") Central Personnel files. On the same date, the New York County District

Attorney's Office ("District Attorney") advised the Court that it has produced its files to the

Corporation Counsel, with the exception of the 32 pages of materials which it withheld on the

grounds of "attorney work product privileges and the law enforcement or official information

privilege; and some [were] withheld on the grounds that they were provided . . . on a confidential

basis for the purposes of the criminal prosecutor only." It submitted those documents for <u>in

camera</u> review.

**DISCUSSION**

"The broad scope of discovery delimited by the Federal Rules of Civil Procedure

is designed to achieve disclosure of all the evidence relevant to the merits of a controversy."

Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir. 1989) (citing Federal Rule of

Civil Procedure 26(b)(1) and advisory committee notes).  Under Rule 26(b)(1), "[p]arties may

obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of

any party." Fed. R. Civ. P. 26(b)(1).  Moreover, "[r]elevant information need not be admissible

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence." Id.

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to
> prove the character of a person in order to show action in
> conformity therewith.  It may, however, be admissible for other
> purposes, such as proof of motive, opportunity, intent, preparation,
> plan, knowledge, identity or absence of mistake or accident. . . .

Application of Rule 404(b) requires a two-part analysis:  first, whether the proposed evidence

fits within one of the exceptions provided by the Rule, and, second, even if it does, whether

under Rule 403 the evidence's probative value is substantially outweighed by the potential for

jury confusion or prejudice. Shaw v. City of New York, 95 Civ. 9325, 1997 U.S. Dist. LEXIS

4901, at **16-17 (S.D.N.Y. Apr. 15, 1997) (citing Rule 404(b) advisory committee notes).

In civil rights actions, courts frequently hold divergent views on the admissibility

of prior similar act evidence. See, e.g., O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir.1988)

(noting that panel members held different views on admissibility of prior similar act evidence).

Likewise, courts also take different approaches to the discoverability of documents implicating

prior similar acts (*i.e,* such as the CCRB and other personnel documents plaintiff seeks).

Compare Bradley v. City of New York, 04 Civ. 8411, 2005 U.S. Dist. LEXIS 22419, at * 3 (Oct. 3, 2005) ("There is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern."), with Mingues v. Bezio, 96 Civ. 5396, 1999 U.S. Dist. LEXIS 12976, at **3-4 (S.D.N.Y. Aug. 19, 1999) ("[P]rior uses of excessive force by the defendants, if any, have no bearing on the issue of whether they used excessive force against plaintiffs.").

In fact, however, the Second Circuit has upheld the exclusion of evidence of prior civilian complaints against police officers charged with use of excessive force. Berkovich v. Hicks, 922 F.2d 1018, 1022-23 (2d Cir. 1991). At issue in Berkovich was discovery of seven complaints. Id. at 1022. The Circuit Court found that the fact that defendant had been largely exonerated on all of the charges in prior complaints lessened significantly the probative value of the complaints. Id. The decision questioned whether plaintiff would have been able to even prove that these incidents occurred, noting that "[s]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Id. (citation omitted). Most importantly, the Second Circuit concluded that "it seems improbable that full discovery of the seven complaints would have led to admissible evidence." Id. The Second Circuit found that the district court "properly excluded any reference to the complaints during the trial under Rule 403 and Rule 404(b)" such that "full discovery of the complaints" would not have resulted in a different trial decision. Id.

Citing grounds such as relevance, improper similar act evidence, and prejudice, courts have consistently denied requests to discover CCRB complaints and other similar

documents – especially when the complaints are unsubstantiated. <u>See</u>, <u>e.g.</u>, <u>Sealy v. Fishkin</u>, 96 Civ. 6303, 1998 U.S. Dist. LEXIS 20142, at **9-10 (E.D.N.Y. Dec. 2, 1998) (finding that unsubstantiated civilian complains do not suffice to prove <u>Monell</u> claim); <u>Haya v. City of New York</u>, 93 Civ. 7754, 1995 U.S. Dist. LEXIS 7020, at **1-2 (S.D.N.Y. May 24, 1995) (finding that the requested documents concerning CCRB complaints were not discoverable because they occurred in the distant past, because none was substantiated, and because none involved conduct similar to that alleged by the plaintiff); <u>Marcel v. City of New York</u>, 88 Civ. 7017, 1990 U.S. Dist. LEXIS 4094, at *23 (S.D.N.Y. Apr. 10, 1990) ("Unsubstantiated CCRB reports do not demonstrate a breach of a municipality's duty to train or supervise its police."). In fact, documents like the CCRB reports do not show "motive, opportunity, intent or the like," but, instead and impermissibly, serve to show that, because the defendant was previously investigated for excessive force, the fact-finder should believe plaintiff over defendant – "[t]hat is the very use of this evidence, however, that Rule 404(b) is designed to prevent." <u>Shaw v. City of NewYork</u>, 1997 U.S. Dist. LEXIS 4901, at **17-18.

With these applicable principles in mind, the Court turns to its review of the document product for <u>in camera</u> review.

<u>District Attorney File</u>

None of the materials in this file need to be produced. Some of the materials consist of a DA data sheet, prepared by the Assistant District Attorney working in the Early Case Assessment Bureau. It is not a witness statement, but rather the Assistant's notes on the substance of the case, and is used for preparation and presentation of the case. As such, it is

privileged attorney work product. Fed. R. Civ. P. 26(b)(3); <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).

The balance of the materials trace the processing of the case against Jermel Howard, various calendar notices, and a series of historical documents concerning Mr. Howard's prior Court proceeding.[1]  These documents are not relevant to the complaint in this proceeding, nor could their production lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Accordingly, the documents need not be produced; and they will be returned to the New York County District Attorney.

<u>CCRB, IAB and Central Personnel Files of Radday or Arenella</u>

None of the CCRB complaints or IAB investigations of defendants Radday or Arenella were substantiated.  Indeed, in a number of cases, they were exonerated of the charges. In other cases, the charges could not be substantiated or were abandoned by the complaining witness.

While there may be cases where the production of unsubstantiated allegations filed with CCRB and IAB may be relevant to a complaint or lead to the lead to the discovery of admissible evidence, <u>see</u> <u>Fountain v. City of New York</u>, 03 Civ. 4526, 2004 U.S. Dist. Lexis 7539, at **4-8 (S.D.N.Y. May 5, 2004), <u>clarified</u> <u>by</u> <u>Fountain v. City of New York</u>, 2004 U.S. Dist. Lexis 12278 (June 30, 2004), a review of the materials here demonstrates that this is not one of those cases; and none of the materials need be produced.

Several of the incidents deal with off-duty motor vehicle accidents and the expiration of driver's licenses; others deal with attempts to bribe and whether proper custodial

---

[1] Mr. Howard's complaint against the City has been resolved and he is no longer a plaintiff.

records were created.  Clearly, they are irrelevant to the subject matter of the complaint. <u>Reyes v.</u>

<u>City of New York</u>, 00 Civ. 2300, 2000 U.S. Dist. LEXIS 15078, at *5 (S.D.N.Y. Oct. 16, 2000)

("[W]here CCRB records contain allegations wholly unrelated to those alleged in the complaint,

their relevance has been found to be 'too tenuous to allow discovery'." (citations omitted)).

Other complaints and investigations do not relate to incidents which are similar to

the allegations in the complaint.  Finally, the wholesale production of unsubstantiated CCRB and

IAB complaints tends to create a danger of prejudice.  <u>Berkovich</u>, 922 F.2d at 1022.  Two

examples, based on the Court's review of the documents, suggest why caution ought to be

exercised, before producing documents on a wholesale basis, or a broad interpretation of

relevancy.

In one incident, where unlawful entry and excessive force were charged, the

complaining witness and other supporting witnesses, alleged that the police had broken into their

apartment and subsequently manhandled them.  The complaining witness, however, limited his

description to what occurred as the police entered his apartment and arrested him.  He declined

to discuss what he was doing immediately before the police entered.

Upon investigation, it was determined that on a New Year's Eve night, a police

officer had observed gun shots being fired at cars travelling on a nearby bridge from a balcony in

the apartment where the complaining witness was arrested.  The police officer called for backup

and an Emergency Service Unit ("ESU") group was dispatched.  They forcibly entered the

apartment; seized a firearm, and effected the arrest.

After pleading guilty to illegal possession of a firearm, the complaining witness

lost interest and declined to proceed further with the complaint.

In another matter, a complaining witness charged that the arresting officer had planted incriminating evidence on her. The complaining witness's story changed several times as to when, how, and where the illegal planting took place. Eventually, the witness recanted, admitted her allegations were false, and explained that she was concerned that her arrest would have an adverse impact on a pending job application. She was indicted for filing a false complaint.

While these are but two examples of the complaints and investigations in the materials submitted for <u>in camera</u> review, they are not atypical. The complaints appear to have been filed to gain a tactical advantage. The complaining witness provided a very circumscribed view of the event, and avoided any discussion of his or her conduct immediately before the arrest, or the circumstances of the arrest (<u>e.g.</u>, attempted arrest followed by flight, hot pursuit, subsequent scuffle, and finally arrest). Upon disposition of the underlying criminal charges, the complaining witness disengaged from the complaint process.

The <u>in camera</u> review demonstrates that none of the charges were substantiated; that the charges in the reviewed materials are not reasonably related to the charge in the instant case; and that the production of these materials will not lead to the discovery of admissible evidence. It is far better for plaintiff to concentrate further discovery on the incident which gives rise to her complaint. Full discovery here, rather than on collateral matters, will lead to the "just, speedy and inexpensive determination," of this case. Fed.R.Civ.P. ¶ 1.

There is no need to produce. <u>Shaw v. City of NewYork</u>, 1997 U.S. Dist. LEXIS 4901, at \*\*17-18; <u>Haya v. City of New York</u>, 93 Civ. 7754, 1995 U.S. Dist. LEXIS 7020, at \*\*1-2. The request to produce the materials submitted for <u>in camera</u> review is DENIED.

Dated: New York, New York
     February 7, 2006

SO ORDERED

PAUL A. CROTTY
United States District Judge